Judge Rothstein

——— FILED        ——— ENTERED
——— LODGED       ——— RECEIVED

**MAY 3 1 2001**

AT SEATTLE
CLERK U S DISTRICT COURT
BY   WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v<br><br>NAZIYR YISHMAEL,<br><br>Defendant | NO.   CR01-171BJR<br><br>PLEA AGREEMENT |

CR 01-00171 #00000006

The United States of America, by Katrina C. Pflaumer, United States Attorney, and Kurt P Hermanns, Assistant United States Attorney for the Western District of Washington, and the defendant, NAZIYR YISHMAEL, hereinafter defendant, and his attorney, Brian Tsuchida, enter into the following Agreement, pursuant to Rule 11(e), Federal Rules of Criminal Procedure.

1.   <u>The Charge</u>.   The defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and to enter a plea of guilty to bank embezzlement, as charged in Count 1, in violation of Title 18, United States Code, Section 657. By entering this plea of guilty, the defendant hereby waives any and all objections predicated on the form of the charging information.

2.   <u>The Penalties</u>.   The defendant understands and acknowledges that the statutory penalties for the offense of bank embezzlement, as charged in Count 1, are imprisonment for up to thirty (30) years, a fine of up to one million dollars ($1,000,000),

PLEA AGREEMENT - 1
(yishmael\pleagreement)



UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 450
TACOMA, WASHINGTON 98402
(253) 593-6316

1 a period of supervision following release from prison of from three (3) to five (5) years,

2 restitution, and a one hundred dollar ($100.00) penalty assessment.  The defendant

3 agrees that the penalty assessment shall be paid at or before the time of sentencing

4     3.    Rights Waived by Pleading Guilty.   The defendant understands and

5 acknowledges that by pleading guilty he knowingly and voluntarily waives the following

6 rights:

7           a.    The right to plead not guilty, and to persist in a plea of not guilty;

8           b.    The right to be presumed innocent until guilt has been proven at trial,

9 beyond a reasonable doubt;

10           c.    The right to trial before a jury of the defendant's peers, and at that

11 trial, the right to the effective assistance of counsel;

12           d.    The right to confront and cross-examine witnesses against the

13 defendant;

14           e.    The right to compel or subpoena witnesses to appear on the

15 defendant's behalf;

16           f.    The right to testify or to remain silent at trial at which such silence

17 could not be used against the defendant; and,

18           g.    The right to appeal a finding of guilty or any pretrial rulings.

19     4.    Applicability of Sentencing Guidelines.   The defendant understands and

20 acknowledges the following:

21           a.    That the United States Sentencing Guidelines, promulgated by the

22 United States Sentencing Commission, are applicable to this case;

23           b.    That the Court will determine the defendant's applicable Sentencing

24 Guidelines range at the time of sentencing;

25           c.    That the Court may impose any sentence authorized by law,

26 including a sentence that, under some circumstances, departs from any applicable

27 Sentencing Guidelines range up to the maximum term authorized by law;

28

PLEA AGREEMENT - 2
(yishmael\pleagreement)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 450
TACOMA, WASHINGTON 98402
(253) 593-6316

1    d.    That the Court is not bound by any recommendation regarding the
2  sentence to be imposed, or by any calculation or estimation of the Sentencing
3  Guidelines range offered by the parties, or by the United States Probation Department;
4  and,

5    e.    That the defendant may not withdraw a guilty plea solely because of
6  the sentence imposed by the Court.

7    5.    <u>Ultimate Sentence</u>    The defendant acknowledges that no one has
8  promised or guaranteed what sentence the Court will impose.

9    6.    <u>Loss Amount</u>.    The United States and the defendant agree that the
10  correct amount of loss for the purposes of § 2B1.1 of the sentencing guidelines is
11  Eighty-five Thousand Three Hundred Ninety-nine Dollars and Twenty-nine Cents
12  ($85,399.29).

13    7.    ·    The defendant shall make restitution to Boeing Employees'
14  Credit Union in the amount of Eighty-five Thousand Three Hundred Ninety-nine Dollars
15  and Twenty-nine Cents ($85,399.29), less any monies already paid or collected.  Said
16  amount shall be due and payable immediately.

17    8.    <u>Statement of Elements and Facts</u>.    The parties agree that the crime of
18  bank embezzlement as charged in Count 1 of the Information is comprised of the
19  following elements: The defendant was an employee of Boeing Employees' Credit
20  Union; he took and converted the credit union's funds to his own personal use; he acted
21  with the intent to injure and defraud the credit union; and the credit union's funds were
22  at all relevant times insured by the National Credit Union Administration.

23    The parties further agree and stipulate that the following facts are true, provide
24  proof of each element of the charged crime beyond a reasonable doubt, and form the
25  factual basis for this guilty plea.

26    a.    At all times relevant herein, the accounts and deposits of Boeing
27  Employees' Credit Union were insured by the National Credit Union Administration.
28

PLEA AGREEMENT  - 3
(yishmael\pleagreement)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 450
TACOMA, WASHINGTON 98402
(253) 593-6316

1               b.      At all relevant times defendant was an employee in the ATM

2 Reconciliation Department of Boeing Employees' Credit Union (BECU), Tukwila,

3 Washington. His responsibilities included maintaining a general ledger which tracked

4 and reconciled errors occurring between BECU and its ATM service provider, Trans

5 Alliance  The defendant also maintained a BECU general ledger account for ATM

6 receivables.

7               c.      Over an eight-month period beginning on or about February 21,

8 2000, and continuing until on or about October 17, 2000, defendant used the two BECU

9 general ledger accounts to embezzle funds and to cover up those thefts from BECU.

10               d.      In accomplishing his embezzlements, the defendant gave coworkers

11 falsified reports to post to actual transactions, he obtained their passwords and teller

12 numbers to conceal his transactions, and he asked coworkers to perform transactions

13 with no verification on the co-worker's part.

14               e.      The defendant embezzled and converted BECU funds on

15 approximately 25 occasions, for a total of about $85,399.29.

16               f.      The defendant acted knowingly and with an intent to injure and

17 defraud Boeing Employees' Credit Union and its customers.

18               g.      The above acts occurred within the Western District of Washington.

19       9.     <u>Good Behavior.</u>     The defendant agrees to obey all local, state, and federal

20 laws between the time of pleading and sentencing, and to serve any sentence imposed

21 by the Court.

22      10.     <u>Voluntariness of Plea.</u>     The defendant acknowledges that he has entered

23 this plea agreement freely and voluntarily, and that no threats or promises, other than

24 the promises contained in this plea agreement, were made to induce the defendant to

25 enter this plea of guilty.

26

27

28

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 450
TACOMA, WASHINGTON 98402
(253) 593-6316

1    11.    Limitation on Further Prosecution

2    The United States agrees not to initiate any further prosecution against defendant

3    based on evidence now in its possession relating to the execution of the scheme to

4    defraud Boeing Employees Credit Union.

5    12.    Breach and Waiver    The defendant understands and agrees that if he

6    breaches the plea agreement, he may be prosecuted and sentenced for all of the

7    offenses he may have committed.  The defendant agrees that if he breaches this plea

8    agreement, the United States Attorney reserves the right to take whatever steps are

9    necessary to nullify the plea agreement, including the filing of a motion to withdraw from

10   the plea agreement and/or to set aside the conviction and sentence.  The defendant

11   also agrees that if he is in breach of this plea agreement, he is deemed to have waived

12   objection to the reinstatement of any charges under the information which may have

13   previously been dismissed or which may have not been previously prosecuted.  The

14   defendant further agrees that if he is in breach of this agreement, he is deemed to have

15   also waived objection to the filing of any additional charges against him.

16   13.    Completeness of Agreement.    The Government and the defendant

17   acknowledge that these terms constitute the entire plea agreement between the parties.

18   Dated this _31st_ day of ___MAY_____, 2001.

19

20

21   NASEER YISHMAEL
     Defendant

22

23

24   BRIAN TSUCHIDA
     Attorney for Defendant

25

26

27   KURT P. HERMANNS
     Assistant United States Attorney

28

PLEA AGREEMENT  - 5
(yishmael\pleagreement)